IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KENNETH HUNT                                                                                    PETITIONER

v.                                         CASE NO. 2:17-cv-00012 JLH-JTK

LEE COUNTY CIRCUIT COURT, MILLIE HILL,
*City Council/Deputy Court Clerk*, and MARY
ANN WILKINSON, *Circuit Court Clerk, Lee County*                         RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

Before the Court is the petition for writ of habeas corpus or alternatively expedited request for injunctive relief from a formal order of the Arkansas Supreme Court (DE #1) filed by Kenneth Hunt on January 23, 2017.[1] Petitioner states that a Lee County Circuit Court judge appointed him counsel upon his motion to proceed in forma pauperis but that the appointment was later rescinded by another judge after the prosecutor filed a motion to reconsider. Petitioner filed an interlocutory appeal on December 22, 2016, from the denial

---

[1]Because Petitioner challenges his pretrial detention on pending charges, his Petition is properly construed as requesting relief pursuant to § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

2

of counsel, but the Arkansas Supreme Court denied a pro se petition to proceed in forma pauperis and ordered the $165 filing fee due by January 19, 2017. *See Hunt v. State of Arkansas*, Case No. CV-16-1139. Petitioner interpreted the Court's Order as a dismissal of his appeal, and according to him, he has effectively been denied the right to counsel. He seeks to have this court: (a) reinstate the original appointment of counsel, (b) stop the Lee County Circuit Court from proceeding any further with his trial, (c) address the issue of Mary Ann Wilkinson hiring Councilman Millie Hill as her deputy clerk and who is a city official obstructing justice and bringing charges against him, (d) address the Clerk not accepting his motion to proceed in forma pauperis unless indigent defendants paid a $150 filing fee, (e) direct the Arkansas courts to reinstate his appointed counsel, (f) order the Marianna Special City Prosecutor to answer his discovery, (g) remove Lee County Judge Richard Proctor as trial judge in his case as he has shown no intention of giving Petitioner a fair and impartial trial, and (h) appoint him counsel in this Court to amend and address any deficiencies found within his petition or alternative request for injunctive relief.[2]

For the reasons discussed below, the Court recommends that the Petition be dismissed without prejudice.[3] *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal

---

[2] A review of the Arkansas Statewide VineLink shows Petitioner in custody at the St. Francis County Jail. The Arkansas AOC Public CourtConnect Docket information indicates that Petitioner was charged in Case No. 39CR-16-83, *State v. Kenneth J. Hunt*, with driving while intoxicated - DWI 2nd; refusal to submit to chemical test; and careless and prohibited driving. The case remains pending.

[3] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily that omission would have prompted the Court to hold Petitioner's submission in abeyance until he paid the proper filing fee or applied for leave to proceed *in forma pauperis*.

of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]"

**Discussion**

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights. *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being

---

However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein and addressing the fee issue would only delay the inevitable dismissal of this action.

4

held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

## Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE #1) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

SO ORDERED this 10th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE